**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| FERGUSON ENTERPRISES, LLC; CLAWFOOT SUPPLY, LLC; MINKA LIGHTING, LLC; JONES STEPHENS CORP.; JAMES MARTIN SIGNATURE VANITIES, LLC; and FE PRODUCTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | No. 26-05453 |

**COMPLAINT**

1. Plaintiffs, Ferguson Enterprises, LLC, Clawfoot Supply, LLC, Minka Lighting, LLC, Jones Stephens Corp., James Martin Signature Vanities, LLC, and FE Products, Inc. ("Plaintiffs"), are U.S.-based importers, as defined in 19 C.F.R. § 101.1, of merchandise into the U.S. subject to the challenged duties.

2. Beginning in February 2025, through a series of executive orders, the President invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose new and substantial tariffs ("IEEPA duties") on goods imported from nearly every foreign country, including countries from which Plaintiffs source their imports.

3. On February 20, 2026, the U.S. Supreme Court struck down the IEEPA duties, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255 (2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312

(Fed. Cir. 2025)).

4. On the same day as the February 20, 2026, Supreme Court decision, the President issued Proclamation 11012 (the "Section 122 Proclamation"), *Imposing a Temporary Import Surcharge To Address Fundamental International Payments Problems*, 91 Fed. Reg. 9339 (Feb. 25, 2026), under the purported authority of Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132. Under the Section 122 Proclamation, the President imposed a 10 percent *ad valorem* "temporary import surcharge" on articles imported into the United States ("Section 122 duties" or "Section 122 Surcharge"). Section 122 Proclamation ¶ 13.

5. Plaintiffs were required to pay Section 122 duties on their imported merchandise.

6. On May 7, 2026, a three-judge panel of this Court held that the Section 122 Proclamation was invalid, and the duties imposed under it were "unauthorized by law." *Oregon v. United States,* 835 F. Supp. 3d 1307 (Ct. Int'l Trade 2026), *appeal docketed*, Nos. 2026-1804, 2026-1805 (Fed. Cir. 2026), *judgment stayed pending appeal*, ECF No. 61. The Court entered a permanent injunction for, and ordered refunds with interest to, the three named importer plaintiffs before this Court. The judgment has been stayed pending the government's appeal. Order Staying J., *Oregon v. United States*, 835 F. Supp. 3d, ECF No. 61.

7. On July 24, 2026, the temporary Section 122 Surcharge ended.

8. Plaintiffs were not parties to *Oregon* and paid Section 122 duties.

9. Accordingly, Plaintiffs bring this action to obtain a declaration that the Section 122 Surcharge was unlawful as applied to their entries, to enjoin the assessment and collection of Section 122 duties against Plaintiffs, and to recover, with interest, all Section 122 duties Plaintiffs have paid to the United States.

**PARTIES**

10. Plaintiff, Ferguson Enterprises, LLC, is a U.S. company, organized in Virginia,

and an importer of record of merchandise into the United States.

11. Plaintiff, Clawfoot Supply, LLC, is a U.S. company, organized in Kentucky, and an importer of record of merchandise into the United States.

12. Plaintiff, Minka Lighting, LLC, is a U.S. company, organized in California, and an importer of record of merchandise into the United States.

13. Plaintiff, Jones Stephens Corp., is a U.S. company, organized in Alabama, and an importer of record of merchandise into the United States.

14. Plaintiff, James Martin Signature Vanities, LLC, is a U.S. company, organized in Texas, and an importer of record of merchandise into the United States.

15. Plaintiff, FE Products, Inc., is a U.S. company, incorporated in Delaware, and an importer of record of merchandise into the United States.

16. Defendant United States Customs and Border Protection ("CBP") is a component agency of the U.S. Department of Homeland Security headquartered in Washington, D.C. CBP is responsible for border security and collecting tariffs or duties and taxes on goods imported into the United States.

17. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

18. Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

19. Defendants are referred to collectively in this complaint as "CBP."

**JURISDICTION**

20. This Court has subject-matter jurisdiction under 28 U.S.C. § 1581(i)(1). Plaintiffs are entitled to bring this action under 28 U.S.C. § 2631(i). *See Learning Res.*, 607 U.S. at 240 n. 1.

21. This Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. §§ 2643(a)(1), (c)(1).

22. Plaintiffs have standing to bring this lawsuit because they are the importers of goods imported into the United States from countries subject to Section 122 duties as implemented and collected by CBP. Plaintiffs have paid Section 122 duties to the United States, and each Plaintiff is therefore a person "adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

23. Without Court-granted relief, Plaintiffs' entries of merchandise with the challenged Section 122 duties will continue to liquidate and become final. The prospective liquidation of those entries constitutes ongoing and irreparable injury to Plaintiffs for which no adequate administrative remedy exists. The relief Plaintiffs seek from this Court would redress those injuries.

## GENERAL PLEADINGS

### I. The President orders a series of tariffs, invoking IEEPA, then Section 122

#### A. The IEEPA duties

24. Between February and April 2025, the President issued several executive orders pursuant to IEEPA, imposing tariffs on imports into the United States.

25. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See* Complaint, *V.O.S. Selections*, *et al. v. Trump*, *et al.*, 149 F.4th 1312 (Fed. Cir. 2025), Dkt. No. 2. This Court held the orders were unlawful, and the Federal Circuit, sitting *en banc*, affirmed. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1359 (Ct. Int'l Trade), *aff'd in part, vacated in part, remanded sub nom. V.O.S. Selections, Inc. v.*

*Trump*, 149 F.4th 1312 (Fed. Cir. 2025). The Supreme Court affirmed the Federal Circuit's decision on February 20, 2026. *Learning Res.*, 607 U.S. 229.

**B. The Section 122 duties**

26. On the same day as the February 20, 2026, Supreme Court decision, the President issued the Section 122 Proclamation to impose a temporary import surcharge of 10 percent *ad valorem* on most articles imported into the United States. *Imposing a Temporary Import Surcharge To Address Fundamental International Payments Problems*, 91 Fed. Reg. 9339 (Feb. 25, 2026). The surcharge took effect on February 24, 2026, for a period of 150 days, through July 24, 2026.

27. Section 122 permits the President to impose tariffs for 150 days under specific circumstances: (1) "to deal with large and serious United States balance-of-payments deficits;" (2) "to prevent an imminent and significant depreciation of the dollar in foreign exchange markets;" or (3) "to cooperate with other countries in correcting an international balance-of-payments disequilibrium." 19 U.S.C. § 2132(a).

28. The President's Section 122 Proclamation declared that a surcharge "is required to deal with the large and serious United States balance-of-payments deficits" because "fundamental international payments problems" exist. Section 122 Proclamation ¶ 1. These "international payments problems" include, according to the Proclamation, that "the United States runs a trade deficit, does not currently make a net income from the capital and labor that it deploys abroad, and experiences more transfer payments, on net, flowing out of the country than into the country." *Id.* ¶ 7.

**C. CBP's implementation of the Section 122 tariffs**

29. In 1988, Congress enacted the Omnibus Trade and Competitiveness Act of 1988, which adopted the new tariff nomenclature: the Harmonized Tariff Schedule of the United States

("HTSUS"). Pub. L. No. 100-418, 102 Stat. 1107 (1988). CBP classifies merchandise imported into the United States consistent with the HTSUS, which sets out the tariff rates and statistical categories using a series of nested chapters, headings, and subheadings. 19 U.S.C. § 1202. The primary headings of the HTSUS describe broad categories of merchandise, while its subheadings provide a particularized division of the goods within each category. *Id.*

30. CBP's regulations govern the classification and appraisement of merchandise, consistent with the HTSUS. 19 C.F.R. § 152.11 ("Merchandise shall be classified in accordance with the Harmonized Tariff Schedule of the United States (19 U.S.C. § 1202) as interpreted by administrative and judicial rulings.").

31. The United States International Trade Commission ("USITC") publishes and maintains the HTSUS consistent with presidential orders. 19 U.S.C. §§ 1202, 3005, 3006; *see also Michael Simon Design, Inc. v. United States*, 33 C.I.T. 1003, 1010 (2009) ("The authority to modify the HTSUS lies with the President"); *Maple Leaf Marketing, Inc. v. United States*, 528 F. Supp. 3d 1365, 1378–79 (Ct. Int'l Trade 2021).

32. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs on those goods, after confirming the HTSUS classification of the goods, according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

33. Typically, when goods enter (*i.e.*, are imported into) the United States, the importer of record pays an estimated duty on the *entry* based on its customs declaration, which asserts a value, origin, and HTSUS classification for the imported goods. *See* 19 U.S.C. § 1484. CBP then reviews the customs declaration and may inspect the goods.

34. CBP then fixes the final appraisement of merchandise by confirming the final value, classification, duty rate, and final amount of duty for the imported goods. *See* 19 U.S.C.

§ 1500.

35. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether it owes more money or is entitled to a refund. *See* 19 U.S.C. § 1504(b). "'Liquidation' means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1.

36. Liquidation, unless extended, must happen within one year. *See* 19 U.S.C. § 1504(a). Typically, CBP liquidates entries 314 days after the date of entry of the goods (automatic liquidation cycle) and will post a notice on its website. 19 C.F.R. § 159.9.

37. CBP has discretion to extend the deadline for liquidation for up to one year pursuant to an importer's request and a showing of good cause. *See* 19 U.S.C. § 1504(b)(2); 19 C.F.R. § 159.12(a)(1)(ii).

38. Once liquidation has occurred, and *if* the liquidation is protestable, an importer of record has 180 days to file a protest contesting the liquidation, asking CBP to "reliquidate" the duties. *See* 19 U.S.C. § 1514.[1] But not all liquidations are protestable: where CBP acts in a ministerial capacity (*i.e.*, without discretion) in imposing a duty, the entry's liquidation cannot be protested. *Id.*; *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024).

39. CBP applied the Section 122 Proclamation in its ministerial capacity, as directed by the President. Accordingly, protesting, an administrative mechanism, does not provide an adequate means of resolving the legality of the Proclamation itself; this administrative mechanism exists only to challenge "decisions of the Customs Service." 19 U.S.C. § 1514(a).

40. Pursuant to the Section 122 Proclamation and its implementing HTSUS provisions, CBP has assessed and collected Section 122 duties on Plaintiffs' entries of imported

[1] CBP can also voluntarily reliquidate within 90 days of the liquidation. *See* 19 U.S.C. § 1501.

merchandise.

## II. The CIT held that Section 122 tariffs are unauthorized by law

41. On May 7, 2026, this Court's three-judge panel in *Oregon v. United States* held that the Section 122 Proclamation was invalid as *ultra vires* of Section 122. 835 F. Supp. 3d 1307, 1337 (Ct. Int'l Trade 2026).

42. The Court explained, "if the President has the ability to select among the sub-accounts to identify a balance-of-payments deficit, unless every sub-account is balanced, the President would always be able to identify a balance-of-payments deficit," *Oregon*, 835 F. Supp. 3d at 1335, and noted that the Government's own declaration "plainly acknowledges that the Proclamation does not rely upon the metrics used to measure balance-of-payments deficits discussed at the time of enactment." *Id.* (citing Yared Decl. 43–44).

43. The Court concluded that "[b]ecause the Proclamation's use of trade and current account deficits to stand in the place of balance-of-payment deficits within the meaning of the statute renders the Proclamation ultra vires . . . Proclamation No. 11012 is invalid, and the tariffs imposed on Plaintiffs are unauthorized by law." *Id.* at 1337.

44. The Court entered a permanent injunction for, and ordered refunds with interest to, the three plaintiffs before the Court in *Oregon.* The Court did not grant relief to anyone but the named importer plaintiffs, and the judgment has been stayed pending the Government's appeal. *Id.*; Order Staying J., *Oregon v. United States,* Nos. 2026-1804, 2026-1805, ECF No. 61 (Fed. Cir. June 11, 2026).

45. Plaintiffs were not parties to the *Oregon* proceedings.

## III. Plaintiffs paid Section 122 tariffs

46. As of the date of this complaint, Plaintiffs have paid Section 122 duties to the United States. Their merchandise is classified under the HTSUS and was subject to Section 122

duties.

47. The entries of goods Plaintiffs imported into the United States that were subject to Section 122 duties are expected to liquidate without this Court's appropriate equitable relief.

**COUNT I**

**THE SECTION 122 SURCHARGE EXCEEDS THE PRESIDENT'S STATUTORY AUTHORITY AND IS *ULTRA VIRES***

48. Plaintiffs incorporate paragraphs 1–47 above by reference.

49. Under Section 122, the President can impose certain import measures to "cooperate with other countries in correcting an international balance-of-payments disequilibrium." 19 U.S.C. § 2132(a)(3).

50. The Section 122 Proclamation relies on conditions that are not "balance-of-payments deficits" within the meaning of the statute.

51. Because the Proclamation does not rest on a qualifying balance-of-payments deficit, the President lacked statutory authority to impose the Section 122 tariffs, and the surcharge was *ultra vires* and void. *See Oregon*, 835 F. Supp. 3d at 1337–38 ("Proclamation No. 11012 is invalid, and the tariffs imposed on Plaintiffs are unauthorized by law.").

52. The assessment and collection of Section 122 duties on Plaintiffs' entries are accordingly unlawful, and this Court should order refunds of all Section 122 duties paid by Plaintiffs, with interest as provided by law.

**COUNT II**

**IN THE ALTERNATIVE, THE PRESIDENT'S INTERPRETATION OF SECTION 122 IS AN UNCONSTITUTIONAL DELEGATION OF LEGISLATIVE AUTHORITY**

53. Plaintiffs incorporate the above paragraphs by reference.

54. Article I of the Constitution provides that "All legislative Powers herein granted

shall be vested in a Congress of the United States," U.S. Const. art. I, § 1, and vests the "Power to lay and collect Taxes, Duties, Imposts and Excises" in Congress. *Id.* § 8, cl. 1.

55. As this Court recognized in *Oregon*, construing Section 122 in the manner the Section 122 Proclamation puts forth allows the President "to always be able to identify a balance-of-payments deficit . . . [which] raise[s] a non-delegation issue, which in turn would prompt a constitutional question." 835 F. Supp. 3d at 1334.

56. The President may impose duties only as Congress has lawfully authorized. The President's imposition of the Section 122 Surcharge was an unconstitutional exercise of the legislative tariff power.

57. The assessment and collection of Section 122 duties on Plaintiffs' entries were accordingly unlawful, and this Court should order refunds of all Section 122 duties paid by Plaintiffs, with interest as provided by law.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

a) declare that the Section 122 Proclamation was invalid as contrary to law and was *ultra vires* of Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, as applied to Plaintiffs;

b) declare that the duties imposed under the Section 122 Proclamation on Plaintiffs' entries were unauthorized by law;

c) permanently enjoin Defendants, and all officers, agents, and employees acting on their behalf, from assessing or collecting any duty under Section 122 on Plaintiffs' entries of merchandise into the United States;

d) order CBP to reliquidate any entries that have been liquidated with Section 122 duties;

e) order CBP to liquidate all unliquidated entries subject to Section 122 duties without Section 122 duties;

f) order the United States to refund to Plaintiffs the duties collected from Plaintiffs on all entries subject to Section 122 duties, with interest as provided by law;

g) award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

h) grant such further relief as this Court deems proper.

Respectfully submitted,

Dated: November 25, 2026

/s/ Aaron Marx
John Brew
Daniel Cannistra
Daniel W. Wolff
Aaron Marx
Valerie Ellis
Weronika Bukowski

CROWELL & MORING LLP
600 Fifth Street NW
Washington, DC 20001
Tel. (202) 624-2621
amarx@crowell.com

Two Manhattan West
375 9th Avenue
New York, NY 10001

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

***Ferguson Enterprises, LLC et al. v. United States Customs and Border Protection et al.***

**CIT Case No. 26-05453**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on November 25, 2026, I served a copy of the Summons, Complaint, Form 5, Form 11s, and Form 13 by certified mail, return receipt requested, upon the following:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-in-Charge
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

Attorney-in-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

*/s/ Aaron Marx*
Aaron Marx